IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Aurora Banut,<br><br>        Plaintiff,<br><br>    v.<br><br>BAC Home Loans Servicing, LP,<br>Mortgage Electronic Registration<br>Sys., Inc.,<br><br>        Defendants. | 2:11-cv-1365-GEB-GGH<br><br>ORDER GRANTING MOTION TO DISMISS AND DISMISSING STATE CLAIMS UNDER 28 U.S.C. § 1367(c)[*] |

Defendants BAC Home Loans Servicing, LP ("BAC") and Mortgage Electronic Registration Systems, Inc. ("MERS") each move for dismissal of Plaintiff's complaint under Federal Rule of Civil Procedure ("Rule") 12(b)(6), contending that Plaintiff fails to allege viable claims. Since subject matter jurisdiction is premised solely on Plaintiff's Truth in Lending Act ("TILA") claim against Defendant BAC, which is alleged in Plaintiff's third cause of action, this portion of the dismissal motion will be addressed first. (Compl. ¶¶ 26-31.)

## I. LEGAL STANDARD

When deciding a motion to dismiss a complaint, an inquiry is made into "whether the complaint's factual allegations, together with all reasonable inferences, state a plausible claim for relief." Cafasso,

---

[*] This matter is deemed suitable for decision without oral argument. E.D. Cal. R. 230(g).

1

U.S. ex rel. v. General Dynamics C4 Systems, 637 F.3d 1047, 1054 (9th Cir. 2011) (citing Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009)). The material allegations of the complaint are accepted as true and all reasonable inferences are drawn in favor of the nonmovant. Al-Kidd v. Ashcroft, 580 F.3d 949, 956 (9th Cir. 2009). However, this tenet "is inapplicable to legal conclusions," since "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Iqbal, 129 S. Ct. at 1949 (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 557 (2007)). "In sum, for a complaint to survive a motion to dismiss, the nonconclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009) (internal citation omitted).

## II. DISCUSSION

### A. TILA

BAC argues Plaintiff's TILA damages claim against it, which is alleged under 15 U.S.C. § 1641(f)(2), should be dismissed because BAC is the servicer of Plaintiff's loan and therefore is not exposed to liability for a TILA damages claim. (Mot. 9:1-10:4, ECF No. 10.)

Plaintiff alleges in the third cause of action of the complaint that BAC "is the alleged 'loan servicer'" and that in October 2010, Plaintiff sent BAC a Debt Validation Letter ("DVL") and a Qualified Written Request ("QWR"). (Compl. ¶¶ 3, 15, 16; Exs. D, E.) Plaintiff also alleges that BAC "failed and/or refused to provide the . . . information" requested in the DVL in violation of 15 U.S.C. § 1641(f)(2) – this statute is erroneously cited in the complaint as

§ 1642(f)(2). <u>Id.</u> ¶¶ 17, 27-29. Section 1641(f)(2) prescribes: "[u]pon written request by the obligor, the servicer shall provide the obligor, to the best knowledge of the servicer, with the name, address, and telephone number of the owner of the obligation or the master servicer of the obligation." Letters are attached to Plaintiff's complaint showing that BAC was the loan servicer. (<u>See</u> Compl. Ex. F ("Thank you for your letter . . . addressed to BAC Home Loan Servicing, LP . . . your inquiry does not appear to be specifically related to a servicing concern related to your loan").)

However, "TILA provides for civil liability on the part of 'any creditor who fails to comply with any requirement' imposed by TILA." <u>Selby v. Bank of Am., Inc.</u>, No. 09-2079, 2011 U.S. Dist. LEXIS 25427, at *17-18, 2011 WL 902182, at *6 (S.D. Cal. Mar. 14, 2011) (quoting 15 U.S.C. § 1640). "Under certain circumstances, TILA actions may also be maintained against any assignee of a creditor against whom a civil action may be brought." <u>Id.</u> (citing 15 U.S.C. § 1641(a)). "TILA makes it clear that a servicer 'shall not be treated as the owner of the obligation for purposes of this section on the basis of an assignment of the obligation from the creditor or another assignee to the servicer solely for the administrative convenience of the servicer in servicing the obligation.'" <u>Id.</u> (quoting 15 U.S.C. § 1641(f)(2)).

Since Plaintiff does not allege that BAC is or was the owner of the obligation, Plaintiff's TILA claim is dismissed. This dismissal is with prejudice since neither Plaintiff's complaint nor her opposition to the motion indicates that "the pleading could . . . possibly be cured by the allegation of other facts." <u>Lopez v. Smith</u>, 203 F.3d 1122, 1127 (9th Cir. 2000).

**B.   Supplemental Jurisdiction over Plaintiff's state claims**

In light of dismissal of the sole federal claim, the Court may sua sponte decide whether to continue exercising supplemental jurisdiction over Plaintiff's state claims. Under 28 U.S.C. § 1367(c)(3), a district court "may decline to exercise supplemental jurisdiction over a [state] claim" when "all claims over which it has original jurisdiction" have been dismissed. "While discretion to decline . . . supplemental jurisdiction over state law claims is triggered by the presence of one of the conditions in § 1367(c), it is informed by the . . . values of economy, convenience, fairness and comity" as delineated by the Supreme Court in United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966). Acri v. Varian Associates, Inc., 114 F.3d 999, 1001 (9th Cir. 1997). "Since state courts have the primary responsibility to develop and apply state law, . . . the Gibbs values do not favor continued exercise of supplemental jurisdiction over [Plaintiff's] state claims . . . ." Anderson v. Countrywide Fin., No. 08-cv-01220, 2009 U.S. Dist. LEXIS 100788, at *15, 2009 WL 3368444, at *5 (E.D. Cal. Oct. 19, 2009); see also Acri, 114 F.3d at 1001 (stating that "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors will point towards declining to exercise jurisdiction over the remaining state-law claims" (quotations and citation omitted)). Therefore, Plaintiff's state claims are dismissed without prejudice under 28 U.S.C. § 1367(c)(3).

### III.   CONCLUSION

For the stated reasons, Plaintiff's state claims are dismissed under 28 U.S.C. § 1367(c)(3), and BAC's motion to dismiss Plaintiff's TILA claim is GRANTED with prejudice. Therefore, judgment shall be entered in favor of Defendant BAC Home Loans Servicing, LP on

4

1  Plaintiff's Third Cause of Action, and this action shall be closed.

2  Dated:  October 27, 2011

_____
GARLAND E. BURRELL, JR.
United States District Judge